# A. T. VICK CO. v. FLEXLUME CORPORATION. (No. 3240.)

(Court of Civil Appeals of Texas. Texarkana. May 19, 1926. Rehearing Denied June 10, 1926.)

1. **Principal and agent** ⬅124(2).

Evidence as to authority of representatives to make agency contract for sale of signs *held* for jury.

2. **Corporations** ⬅661(6).

Foreign corporation, selling goods to be shipped from another state, is entitled to sue upon contract, though having no permit to do business in state, as transaction is interstate one.

Appeal from Harris County Court; Roy Scruggs, Judge.

Suit by the Flexlume Corporation against the A. T. Vick Company. Judgment for plaintiff, and defendant appeals. Reversed, and remanded for new trial.

J. P. Markham, Jr., of Houston, for appellant.

Cole, Cole & O'Connor, of Houston, for appellee.

HODGES, J. The appellee is a foreign corporation domiciled in the state of New York. In August, 1924, it filed this suit against the appellant, a domestic corporation, to recover a debt of $502.61. The action is based upon two written orders for signs to be shipped by appellee from New York to Houston, Tex. The appellant does not in this appeal dispute the orders or deny receiving the goods. It pleaded, however, that it was only an agent and ordered the signs as such, and under a contract was only liable to pay for such signs as were sold by it and paid for by customers. It admitted collecting the sum of $364.29 for one of the signs ordered, but denied having collected the other. It also pleaded that under the contract of agency it was to receive a commission of 20 per cent. on all signs sold through its instrumentality in that territory; that it had been instrumental in making several other sales, upon which it was entitled to claim commissions in excess of the money which it had collected for the goods sold; that, after applying that credit, there was still due a balance of $31.78 as commissions for goods sold. Appellee denied any binding contract of agency, alleging that no agent purporting to do so had any authority to agree with the appellant to sell signs on a commission.

[1] After the evidence was introduced, the trial court instructed a verdict for the appellee. In this appeal it is contended that the evidence made an issue of fact which should have been submitted to the jury, and we think that contention is well founded. The testimony presented no defense to the two orders sued on, and the appellee was clearly entitled to a judgment for that amount. But there was testimony tending to show a contract of agency for other sales and an unpaid balance due for commissions which might be applied as an offset against the debt sued for. The peremptory instruction is defended upon the ground that two men, Fitzgerald and Gordon, the representatives of the appellee, through whom it is claimed the contract of agency was made, had no authority to make such an agreement. That contention may be correct as to Fitzgerald, but, according to Gordon's testimony, who was in-

troduced as a witness by the appellee, he did have power to establish agencies and arrange with agents for commissions. We think the testimony was sufficient to support a finding by the jury that such an agreement had been made by Gordon.

[2] The proposition that the appellee is not entitled to sue upon the contracts involved in this litigation because it had no permit to do business in Texas is untenable. This is an interstate transaction, to which our statute has no application.

For the error discussed, the judgment will be reversed, and the cause remanded for a new trial.